Taeiaeekbo, J.
This suit is brought on a promissory nolo for the sum of §4,558 50, executed in solido by the defendants in favor of D. C. Hardee, executor of Ezra Stokes, deceased, dated October 12th, 1863, and made payable twelve months after date, with eight per cent, interest from date. ‘
The defense is, that the note was given for cotton at a time when Confederate money was the only currency in circulation; that some time in 1864, in view of meeting the payment of this debt, a largo amount of this cotton was sold and a tender made in Confederate money, which was refused. The defendants offered a witness to prove that the consideration of the note was Confederate money. Objection was made by plaintiff, but the objection was overruled, and the witness allowed to testify. He failed, however, to prove that the consideration was Confederate money. He stated that in the year 1864, greenback or United States monoy was also in circulation to some extent in that section of country, and he 'thought the Confederate officers used about as much of it as they did of the Confederate monoy.
It appears that a part of the cotton sold to the defendants was retained by the executor, and refused to bo delivered until defendants gave security for the payment. The cotton belonged to the succession of Ezra Stokes, deceased, and was sold at a probate sale. The notes taken at the sale were afterwards .partitioned between the widow (who subsequently married Graves) and the heirs of Stokes. An adjustment was afterwards effected by which the plaintiff and heirs were to take the cotton detained at sixty cents per pound, on a pro rata distribution among the holders of the cotton notes.
By this settlement another note of defendants to the estate was paid, and left a balance over of $148 87, to bo applied as a credit on the note sued upon.
We see nothing in the defense having the least weight. The plaintiff has fully made out her case, and judgment was properly rendered in her favor.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs, in both courts.